# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| CHARLES R. DIXON, | : | |
| Plaintiff, | : | |
| vs. | : | CA 19-00090-CG-MU |
| MOBILE COUNTY PUBLIC SCHOOLS, et al., | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

This action has been referred to the undersigned, in accordance with 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(S), for appropriate action. For the reasons stated herein, it is recommended that, at a minimum, the Court dismiss this action without prejudice based upon Plaintiff's failure to comply with the Court's orders dated May 6, 2019 (Doc. 3), July 19, 2019 (Doc. 10) and September 11, 2019 (Doc. 15). However, the undersigned strongly urges the Court to dismiss this action with prejudice as a sanction due to Plaintiff's recalcitrance and contumacious conduct in failing to file an appropriate amended complaint as ordered by the Court, as no other sanction will suffice.

## FACTUAL BACKGROUND

Charles Dixon initiated this action against the Mobile County Public Schools on February 25, 2019, with the filing of a one-page handwritten document to which he attached forty-five pages of documents generated by the Mobile County Public Schools. (Doc. 1; *see also* Doc. 3, at 2). By Order dated May 6, 2019, United States Magistrate Judge Bert W. Milling, Jr. determined that Plaintiff's complaint was burdened by

deficiencies[1] and instructed Plaintiff that he needed to amend his complaint to comply with Rule 8(a) of the Federal Rules of Civil Procedure. (*See generally* Doc. 3, at 3-4.) Judge Milling explained to Plaintiff the requirements of Rule 8(a),[2] identified deficiencies in his complaint that needed curing in an amended complaint, and generally explained to Mr. Dixon how to comply with the requirements of Rule 8(a). (*See id.*). In addition, Judge Milling went on to explain to Dixon that the allegations in the amended complaint must show that his claim is plausible. (*See id.* at 4; *see also id.* at 5 ("Plaintiff must link a claim to Defendant and to put in a separately numbered paragraph the facts supporting that claim against that Defendant. The date when the claim arose should be included in allegations, as well as the name and title/position of the persons involved in the act or failure to act and the title of the policy/regulation/law at issue.")). Dixon was instructed, when pleading his amended complaint, to consult the instructions contained in the *Pro Se Litigation Guide* that he was sent in the other action he had filed, *Dixon v. Beaird,* CA No. 19-0089-JB-MU. (*See id.* at 5.) Finally, Plaintiff was advised that any failure to comply with the "order within the required time or to file an amended complaint that complies with the Court's pleading directives will result in the dismissal of this action." (*Id.*)

---

[1] "The handwritten portion of the complaint contains general conclusions, seemingly directed to Defendant. Whereas, Plaintiff must provide specific facts of his claim, so Defendant can prepare a response to his allegations. It is not the Court's responsibility to try to figure out a claim for Plaintiff from the filed documents. Rather, Plaintiff must inform the Court and Defendant what his claims are by writing them down. Plaintiff may refer to a document if it lends support for a claim, but he cannot rely on a document or documents alone to speak for him." (Doc. 3, at 2-3.)

[2] In particular, Judge Milling cited to all three provisions of Rule 8(a) and advised Plaintiff that a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction," Fed.R.Civ.P. 8(a)(1), "a short and plain statement of the claim[,]" Fed.R.Civ.P. 8(a)(2), and "a demand for the relief sought[,]" Fed.R.Civ.P. 8(a)(3). (*See* Doc. 3, at 3-4.)

In response to the Order dated May 6, 2019, Mr. Dixon filed a First Amended Complaint on June 27, 2019 (Doc. 7),[3] which, as noted by Judge Milling in his order dated July 19, 2019, consisted of "sixty-six pages with a supplement of six pages[.]" (Doc. 10, at 2.) In a lengthier order than his first, Judge Milling specifically informed Plaintiff that his First Amended Complaint was "not a short statement[]" nor was it "a plain statement." (*Id.*) Judge Milling went on to inform the Plaintiff that "[t]he First Amended Complaint does not give a Defendant and the Court fair notice of what Plaintiff's claim is against a Defendant[]" (*id.*; *see also id.* at 3 ("A defendant needs to be able 'to discern what the plaintiff is claiming and to frame a responsive pleading.'")) and, therefore, described it as "a disfavored shotgun pleading[.]" (*Id.* (describing first amended complaint as a shotgun pleading that "'assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against' and does not separate each cause of action into different counts."); *see also id.* at 3-4 n.2 (setting forth the requirements of Rule 10(b) of the Federal Rules of Civil Procedure)). The Court again pointed to deficiencies in the amended complaint and how Mr. Dixon might go about curing those deficiencies. (*Id.* at 2-7.) For instance, in light of the established principle that each named Defendant (as well as the Court) must be given fair notice of Plaintiff's claim against that Defendant (*see id.* at 2-3), Judge Milling informed Mr. Dixon that "for each named Defendant . . . he must state what his claim is and provide specific facts to support his claim against that Defendant in order to state a 'plausible claim' against that Defendant." (*Id.* at 4-5). The

---

[3] The first page of Dixon's pleading actually contains the designation "Amended Complaint." (Doc. 7, at 1).

3

Court was concerned about this and other problems with the First Amended Complaint. (*See id.* at 6-7). In particular, Judge Milling advised Dixon of the contents of Fed.R.Civ.P. 20(a)(2) and stated in plain terms that "[u]nrelated claims must be brought in another action." (*Id.* at 7).

> This is being mentioned because the Defendants on Plaintiff's list (Doc. 7, at 5-8) appear wide-ranging, beyond persons who would be typically related to a claim for the denial of a public education. The failure to plead only claims against defendants that arise "out of the same transaction, occurrence, or series of transactions or occurrences," after being ordered to file a complaint that complies with Rule 20(a), will result in the dismissal of the action for failure to comply with the Court's order. *Skillern v. Georgia Dep't of Corr. Comm'r,* 379 F. App'x 859, 860 (11th Cir. 2010).

(*Id.*). Immediately following this concentrated focus on Rule 20(a)(2), Judge Milling ordered Plaintiff to file a second amended complaint no longer than twenty (20) pages in length (*id.* at 7) by not later than August 9, 2019 (*id.* at 4), and concluded his nine-page order, in relevant measure, as follows:

> The failure to file the second amended complaint within the required time or to file a second amended complaint that complies with Rule 8(a) will result in the dismissal without prejudice of this action for failure to prosecute and to comply with the Court's order. *Pelletier v. Zweifel,* 921 F.2d 1465, 1522 n.103 (11th Cir.) (the failure to re-plead a complaint that complies with Rule 8(a) after being ordered to do so will result in the dismissal of the action under Fed.R.Civ.P. 41(b) for failure to comply with the court's order), *cert. denied,* 502 U.S. 855 (1991).

(*Id.* at 9).

This action was transferred to the undersigned's docket on September 3, 2019 (Doc. 14) and, on that date, the Clerk's Office referred Mr. Dixon's motion to amend Second Complaint (Doc.13), which was filed on August 9, 2019 (*see id.*). In an Order dated September 11, 2019, the Court struck Plaintiff's motion to amend second complaint

and ordered him to file a second amended complaint, compliant with Rule 8(a), not later than October 11, 2019. (Doc. 15, at 3).

> Mr. Dixon did not comply with the July 1[9], 2019 Order entered by Judge Milling to file a second amended complaint in compliance with Rule 8(a); instead, on the date his second amended complaint was due to be filed, August 9, 2019, Mr. Dixon filed a motion to amend second complaint to which he attached his purported complaint (*see* Doc. 13). However, the attachment to Plaintiff's August 9, 2019 motion to amend consists solely of a list of purported defendants, most of whom are only identified by name and title without specific claim against them or any supporting factual allegations. (*See id.* at 3-4).
>
> And with respect to other identified Defendants, Plaintiff only offers vague and conclusory allegations but no plausible claims. (*Compare id. with* Doc. 10, at 2-7.) When this Court compares Mr. Dixon's "attached" complaint (Doc. 13, at 3-4) to Plaintiff's motion (*id.* at 1-2), it appears that Mr. Dixon has included in his motion an attempt at a jurisdictional statement (*see id.* at 1) and an attempt at identifying purported claims (*see id.* 2), items which should be part and parcel of the second amended complaint that Judge Milling ordered to be filed not later than August 9, 2019. . . . Mr. Dixon is, for the final time, warned that any failure on his part to timely file his second amended complaint or to file a second amended complaint that complies with Rule 8(a) will result in entry by the undersigned of a report and recommendation that this action be dismissed without prejudice due to his failure to prosecute and follow not only this order but the previous orders of Judge Milling (*see* Docs. 3 & 10).

(*Id.* at 2-3, 3 & 4).

On October 11, 2019, Dixon filed a twenty-one page written document to which he attached two documents. (Doc. 17). This document was docketed by the Clerk's Office as Plaintiff's second amended complaint (or amended complaint) because it was filed on the date that the undersigned ordered Dixon to file his second amended complaint. (*Compare id. with* Doc. 15, at 3 (ordering second amended complaint to be filed by October 11, 2019)). Some two and one-half weeks later, on October 28, 2019, Dixon presented to the Clerk's Office a 99-page document, consisting of written information and

5

attached exhibits,[4] in which Dixon specifically references the undersigned's September 11, 2019 Order (*see* Doc. 18, at 8); therefore, out of a height of caution, the undersigned asked the Clerk's Office to docket Plaintiff's 99-page document as an amended complaint, which was accomplished on October 31, 2019 (*see* Docket Sheet).

Regardless of which document the Court looks to, however, the same deficiencies emerge as previously pointed out in at least one, if not all, of the orders entered earlier in this case on May 6, 2019 (Doc. 3), July 19, 2019 (Doc. 10) and September 11, 2019 (Doc. 15), along with other problems. Initially, the undersigned notes that neither pleading is "titled" as a Second Amended Complaint, or Amended Complaint (*see* Docs. 17 & 18, at 2), though Plaintiff has certainly shown himself capable of correctly labeling his filings (*see* Doc. 7, at 1). More troubling, Dixon placed on the front page of each pleading the style of the instant case and the style of the other case he has presently pending in this Court, *Dixon v. Beaird,* Ca 19-0089-JB-MU,[5] and then proceeded in his October 11, 2019

---

[4] These exhibits actually "appear" in the midst of Plaintiff's pleading and run from page 18 through page 93. (*See* Doc. 18, at 18-93.) It does not appear that any of these exhibits have any relevance to the Mobile County Public Schools or any of its employees. (*See id.*)

[5] In CA 19-0089-JB-MU, Dixon has brought suit against several defendants arising from the suspension of his Section 8 housing voucher by the Mobile Housing Board and his eviction from housing owned by C. James Beaird. *See id.,* Doc. 14, at 1. To the extent Plaintiff would contend that he placed the styles of both cases on the initial page of each pleading above (Docs. 17 & 18) because the undersigned entered an Order on September 20, 2019 directed to both of his cases (*see, e.g.,* Doc . 16 in CA 19-0090-CG-MU), that contention does not hold water inasmuch as the previous orders entered by the undersigned in this case directed to Plaintiff's responsibilities under the Federal Rules of Civil Procedure relative to addressing deficiencies in his initial complaint and subsequent iterations of that pleading (*see* Docs. 3, 10 & 15) were directed solely to this case, CA 19-0090-CG-MU (*see id.* (containing the style Dixon v. Mobile County Public Schools or Dixon v. Mobile County Public Schools, et al.)). Besides, the September 20, 2019 Order was entered by the undersigned upon learning from the Clerk's Office that Dixon was "dumping" letters and other documents on the Clerk's Office with no ability for either Clerk's Office personnel or chambers staff to discern how to "file" these "other papers" in either of Plaintiff's cases. (*See* Doc. 16, at 2.) Thus, there was a systematic problem that was being addressed by the Order entered on September 20, 2019 in an attempt to offer some direction to
(Continued)

pleading to complain not only about purported conduct/action of the Mobile County Public Schools and numerous individuals employed by the Mobile County Public School System (*see* Doc. 17, at 8-11) but, as well, conduct/actions by the Mobile Housing Board and other Defendants sued in CA 19-0089-JB-MU (*id.* at 12) and the conduct/actions of a litany of other entities or individuals who have no logical connection either to this action or CA 19-0089-JB-MU (*see id.* at 12-13).[6] In the October 28/31, 2019 pleading (Doc. 18), Dixon simply lists in a series some thirty-nine (39) Defendants (*id.* at 3-7), at least half of whom have no connection with the Mobile County Public Schools or this case (*see id.*).[7] With these approaches (*see* Docs. 17 & 18), Dixon has at once run afoul both of Rule 20(a) of the Federal Rules of Civil Procedure (*see* Doc. 10, at 6-7), as well as Rules 8(a) (*see* Docs. 3, 10 & 15) and 10(b) (*see* Doc. 10, at 3 & n.2.).

---

the Clerk's Office (*see id.*); nothing in that Order can be read to direct Dixon to combine the styles of his cases in all future pleadings filed in his cases (*id.*) or offer anything to Dixon other than the ability to retrieve the letters and attachments from the Clerk's Office "and attach these documents to any ***appropriate pleading,*** motion or other paper (***in proper form***) he may wish to file in this Court." (Doc. 16, at 3-4 (emphasis supplied)).

[6] Dixon has "listed" at the end of his October 11, 2019 submission almost two hundred sections of the United States Code Annotated (Doc. 17, at 15-21), for no purpose that the undersigned can discern. To the extent Plaintiff listed these statutes to indicate that one or more of the Defendants he lists in these pleadings violated those sections, he does himself no favors because simply listing statutes without any indication of how they apply runs counter to Rule 8(a)'s requirement of a short and plain statement of a claim showing the pleader is entitled to relief and that gives each Defendant fair notice of what his claim is and the grounds upon which it rests.

[7] For instance, and intended as only one of what could be many examples, Dixon asserts that Navigator Federal Credit Union and some of its employees have violated all his rights, banking laws, etc., apparently by not giving him access to his money (*compare* Doc. 17, at 13 *with* Doc. 18, at 6, 94 & 95); however, he nowhere "links" any purported actions (or failures to act) of Navigator to his claims against the Mobile County Public Schools or otherwise establishes that his claims against Navigator arise out of the "same transaction, occurrence, or series of transactions or occurrences" as his claims against the Mobile County Public Schools and related education Defendants.

Plaintiff's pleadings (Docs. 17 & 18) are contrary to Rule 20(a) not only because they engraft claims against Defendants that are presently before this Court in another action, CA 19-0089-JB-MU, but, as well, because they assert claims against other Defendants who are not involved in providing a public education to Plaintiff's sons and do not "arise out of the same transaction, occurrence, or series of transactions or occurrences" related to Plaintiff's claim in this lawsuit of the denial of a public education for his sons. (*See generally* Docs. 17 & 18.) And, of course, including unnecessary (and voluminous) allegations and claims against individuals and entities foreign and unrelated to the provision of a public education to Plaintiff's sons immeasurably erodes Rule 8(a)'s requirement of a short and plain statement of the claims that gives the relevant defendants fair notice of what Dixon's claims are and the grounds upon which they rest (*see* Doc. 10, at 2-3). *See Leatherman v. Tarrant City Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 168, 113 S.Ct. 1160, 1163, 122 L.Ed.2d 517 (1993). Moreover, even just concentrating on the paragraphs of the complaint directed to the Mobile County Public Schools and its employees, to the exclusion of all other allegations, does not assist this Court in finding that Plaintiff has given fair notice to these Defendants of his claims against them. For instance, other than giving general timelines in both pleadings (*see* Docs. 17 & 18), Plaintiff does not identify by date particular actions or failures to act by the education Defendants, never once mentions his children by name or identifies which child is being "abused, harassed, punished, etc.," connects none of the defendants to any specifically-named school which his children attended, and generally makes wholly conclusory and legalese-laced allegations (or absolutely no allegations) against these defendants (*compare* Doc. 17, at 8-11 *with* Doc. 18, at 3-5, 9, 12-13, 94 & 95-96). And because

neither of these pleadings give the education defendants adequate notice of the claims against them and the grounds upon which each claim rests, both are properly characterized as impermissible shotgun pleadings. *See McDonough, infra*.[8] Indeed, both pleadings, to one degree or another: contain conclusory, vague, and immaterial facts that do not clearly connect to a particular cause of action; fail to separate each cause of action or claim for relief into distinct counts; and appear to combine (or, in the case of the October 28/31, 2019 pleading does combine—*see* Doc. 18, at 95) multiple claims against multiple defendants without specifying which defendant is responsible for which act. *See id.*

## CONCLUSIONS OF LAW

A. **Rule 41(b) Dismissals**. A Plaintiff's disregard of a court order warrants a dismissal of his action under Federal Rule of Civil Procedure 41(b), which specifically authorizes a district court to dismiss and action for failure to comply with a court order or the federal rules. Fed.R.Civ.P. 41(b); *Gratton v. Great American Communications,* 178 F.3d 1373, 1374-75 (11th Cir. 1999); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995) ("'A district court has authority under Federal Rule[] of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules.'").[9] "In 'extreme circumstances,' the dismissal may be with prejudice." *Yeyille v. Miami Dade County Public Schools,* 643 Fed. Appx. 882, 884 (11th Cir. Feb.

---

[8] This Court previously identified Plaintiff's First Amended Complaint as a shotgun pleading. (Doc. 10, at 3).

[9] The dismissal of an action can be made *sua sponte* by the Court. *See Moon v. Newsome,* 863 F.2d 835, 837 (111th Cir.), *cert. denied,* 493 U.S. 863, 110 S.Ct. 180, 107 L.Ed.2d 135 (1989).

9

22, 2016), citing *Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir. 1985); *see also Slack v. McDaniel,* 529 U.S. 473, 489, 120 S.Ct. 1595, 1606, 146 L.Ed.2d 542 (2000) ("The failure to comply with an order of the court is grounds for dismissal with prejudice.").

The Eleventh Circuit has made clear, however, that a dismissal with prejudice is an extreme sanction that may be properly imposed only when: "'(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice.'" *Betty K. Agencies Ltd. v. M/V MONADA,* 432 F.3d 1333, 1338 (11th Cir. 2005) (citations omitted); *see Yeyille, supra,* (citing *Gratton* for the proposition that the finding with respect to lesser sanctions can be implicit). While "the severe sanction of a dismissal . . . is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders[,]" *Malautea v. Suzuki Motor Co., Ltd.,* 987 F.2d 1536, 1542 (11th Cir.)*, cert. denied,* 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993), a district court is not required to first impose lesser sanctions if the lesser sanctions would be ineffective, *id.* at 1544. More to the point, "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon, supra,* 863 F.2d at 837.

**B** **Federal Rules of Civil Procedure 8 and 10, Shotgun Pleadings, and Rule 20(a) of the Federal Rules of Civil Procedure**. While courts in the Eleventh Circuit generally afford the pleadings of *pro se* litigants liberal construction, those pleadings must nonetheless "'conform to procedural rules.'" *Muhammad v. Muhammad,* 654 Fed. Appx. 455, 456 (11th Cir. June 27, 2016) (quoting *Albra v. Advan, Inc.,* 490 F.3d 826, 829 (11th Cir. 2007)), *cert. denied,* \_\_ U.S. \_\_\_, 137 S.Ct. 1206, 197 L.Ed.2d 247 (2017).

> Rule 8 requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Though there is no required technical form, "[e]ach allegation must be simple, concise, and direct." *Id.* at 8(d)(1). The statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (quotation omitted) (ellipses in original). Additionally, each separate claim should be presented in a separate number paragraph, with each paragraph "limited as far as practicable to a single set of circumstances." Fed.R.Civ.P. 10(b).

*Id.* at 456-57.

"A complaint that fails to follow Rules 8 and 10 may be classified as a shotgun pleading." *Id.* at 457. In particular, "[s]hotgun pleadings violate Rule 8(a)(2)'s 'short and plain statement' requirement by 'failing . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.'" *McDonough v. City of Homestead,* 771 Fed.Appx. 952, 955 (11th Cir. May 7, 2019), quoting *Vibe Micro, Inc. v. Shabanets,* 878 F.3d 1291, 1294-95 (11th Cir. 2018) (other citation omitted). Stated somewhat differently, a shotgun pleading is defined by "[t]he failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading[.]" *Beckwith v. Bellsouth Telecommunications Inc.,* 146 Fed.Appx. 368, 371 (11th Cir. Aug. 22, 2005), citing *Byrne v. Nezhat,* 261 F.3d 1075, 1129-30 (11th Cir. 2001).

In describing the nature of a shotgun pleading, the Eleventh Circuit has observed that "[t]he typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.,* 305 F.3d 1293, 1295 (11th Cir. 2002). Such pleadings typically are characterized by either factually unsupported claims or an inability to discern which allegations of fact are intended to support which claims

and frequently fail to specify which defendant is responsible for each act alleged. *Beckwith, supra,* 146 Fed.Appx. at 372; *cf. McDonough, supra,* 771 Fed.Appx. at 955 ("Shotgun pleadings are characterized by: (1) multiple counts that each adopt the allegations of all preceding counts; (2) conclusory, vague, and immaterial facts that do not clearly connect to a particular cause of action; (3) failing to separate each cause of action or claim for relief into distinct counts; or (4) combining multiple claims against multiple defendants without specifying which defendant is responsible for which act."). As a result, a district court "'whose time is constrained by the press of other business, is unable to squeeze the case down to its essentials.'" *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.,* 598 F.3d 802, 806 n.4 (11th Cir. 2010), quoting *Johnson Enterprises of Jacksonville, Inc. v. FPL Group, Inc.,* 162 F.3d 1290, 1333 (11th Cir. 1998). And, consequently, the Eleventh Circuit has instructed district courts to prohibit shotgun pleadings as fatally defective. *See, e.g., B.L.E. ex rel. Jefferson v. Georgia,* 335 Fed.Appx. 962, 963 (11th Cir. Oct. 23, 2009) (citations omitted). To allow such a pleading would place an unjustifiable burden on the Court to take on the virtually impossible task of "ascertain[ing] what factual allegations correspond with each claim and which claim is directed at which defendant." *Beckwith, supra,* 146 Fed.Appx. at 372.

Another procedural rule that a complaint must comply with is Rule 20(a)(2), which "requires that a plaintiff sue defendants only based on facts 'arising out of the same transaction, occurrence, or series of transactions or occurrences' and that there be a question of fact 'common to all defendants.'" *Holt v. Givens,* 757 Fed.Appx. 915, 919 n.3 (11th Cir. Dec. 12, 2018), quoting Fed.R.Civ.P. 20(a). Stated somewhat differently, "a plaintiff may join multiple defendants in a single action only if the right to

relief asserted against them arises 'out of the same transaction, occurrence, or series of transactions or occurrences' and if 'any question of law or fact common to all defendants will arise in the action.'" *Smith v. Owens,* 625 Fed.Appx. 924, 928 (11th Cir. July 16, 2015), quoting Fed.R.Civ.P. 20(a). Indeed, if claims are not related to the same incident or issue it will be necessary for a plaintiff "to file a separate complaint for each claim[.]" *See Potts v. Pike County Sheriff's Office,* 2009 WL 3747213, *1 (M.D. Ala. Nov. 5, 2009). And as a consequence, as Plaintiff was specifically advised (Doc. 10, at 7), the failure to plead only claims against defendants that arise "out of the same transaction, occurrence, or series of transactions or occurrences" and where there is a common question of law or fact among the defendants in the action, after being ordered to file a complaint that complies with Rule 20(a), will result in the dismissal of the action for failure to comply with the Court's order. *Skillern v. Georgia Dep't of Corrections Commissioner,* 379 Fed.Appx. 859, 860 (11th Cir. May 17, 2010).

  C. **<u>Plaintiff's Second Amended Complaint(s) (Docs. 17 & 18)</u>**. In this case, as reflected above, Plaintiff ignored the detailed instructions given to him in the Orders dated May 6, 2019 (Doc. 3), July 19, 2019 (Doc. 10) and September 11, 2019 (Doc. 15), particularly the Order dated July 19, 2019, highlighting the many ways in which his complaint was deficient. In other words, despite the detailed instructions previously given him, Dixon's pleadings filed on October 11, 2019 (Doc. 17) and October 28/31, 2019 (Doc. 18) fail to correct or totally ignore (in the case of Rule 20(a)) the deficiencies previously memorialized (*compare* Docs. 17 & 18 *with* Docs. 3, 10 & 15). More specifically, in the most recently-filed pleadings (Docs. 17 & 18), Dixon has insisted upon asserting claims against Defendants who he has either sued in another

case in this Court or who are not involved in providing a public education to Plaintiff's sons when those claims clearly do not "arise out of the same transaction, occurrence, or series of transactions or occurrences" related to Plaintiff's claim in this lawsuit of the denial of a public education for his sons. Plaintiff's insistence on pursuing Defendants and claims with no relation to the public education of his sons runs afoul of Rule 20(a) of the Federal Rules of Civil Procedure, a rule upon which Plaintiff was given instruction (Doc. 10, at 6-7) and informed that "[t]he failure to plead only claims against defendants that arise 'out of the same transaction, occurrence, or series of transactions or occurrences,' after being ordered to file a complaint that complies with Rule 20(a), will result in the dismissal of the action for failure to comply with the Court's order." (*Id.* at 7, citing *Skillern, supra.*) Moreover, for a number of reasons previously identified, Dixon's pleadings (Docs. 17 & 18) fail to follow Rules 8 and 10 (particularly, Rule 8(a)) and are properly classified as shotgun pleadings which fail to give the education defendants adequate notice of the claims against them and the grounds upon which each claim rests. Indeed, both pleadings remain a mixture of allegations and legalese with little or no substantial facts to establish grounds for his claims against the education defendants, despite Dixon being warned on three occasions of the consequences of his failure to comply with Rule 8(a). (*Compare* Doc. 10, at 9 ("The failure to file . . . a second amended complaint that complies with Rule 8(a) will result in the dismissal without prejudice of this action for failure to prosecute and to comply with the Court's order.") *with* Doc. 15, at 3-4 ("Mr. Dixon is, for the final time, warned that any failure on his part . . . to file a second amended complaint that complies with Rule 8(a) will result in entry by the undersigned of a report and recommendation that this action be

14

dismissed without prejudice due to his failure to prosecute and follow not only this order but the previous orders of Judge Milling (*see* Docs. 3 & 10)."); *see* Doc. 35 ("The failure . . . to file an amended complaint that complies with the Court's pleading directives will result in the dismissal of this action.")).

In light of the foregoing, the undersigned has no hesitancy in recommending that, at a minimum, the Court **DISMISS** Plaintiff's action **without prejudice**, pursuant to Fed.R.Civ.P. 41(b), due to his failure to file an appropriate complaint against the Mobile County Public Schools and its employees in compliance with this Court's lawful orders. However, the undersigned encourages the Court to **DISMISS** Plaintiff's action **with prejudice** as a sanction due to Plaintiff's recalcitrance and contumacious conduct in failing to file an appropriate amended complaint as ordered by the Court, as no other sanction will suffice.[10]

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule

---

[10] Mr. Dixon's inability or unwillingness to comply with the clear terms of Court orders demonstrate that such non-compliance is likely to continue. Moreover, monetary sanctions would be illusory for a *pro se* Plaintiff with no demonstrated means to afford such sanctions and no likely impetus to pay them even if he could afford to pay. Nor, under the circumstances, is it fair to believe that excluding evidence or striking claims would cause Mr. Dixon to comply with orders of the court, particularly when it is unclear to the undersigned what Mr. Dixon's actual claims are against the education defendants. And staying further proceedings in this case until the orders are obeyed will only reward Plaintiff's defiance of his litigation obligations. Thus, no lesser sanction than dismissal with prejudice will suffice.

3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 22nd day of November 2019.

s/ P. Bradley Murray  
**UNITED STATES MAGISTRATE JUDGE**